UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION



RECEIVED MAY 13 2020 PAIGE WYMORE-WYNN, CLK U.S. DISTRICT COURT WEST DISTRICT OF MISSOURI

KAYNE FOSTER,

    Plaintiff,

Case No.: 6: 26-cv-03280-BP

v.

GREENE COUNTY, MISSOURI, a munici-

pal

corporation; DEPUTY LEASMAN,

Badge #1907, individually and in his

official capacity; DEPUTY COX, Badge

#1810, individually and in his official

capacity; and Deputy FROHNAPPLE Badge

#1595,

individually and in his official capacity,

    Defendants.

**COMPLAINT FOR**

**DAMAGES AND**

**DECLARATORY RELIEF**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. This is a civil action for declaratory, injunctive, and monetary relief to redress the egregious, willful, and malicious deprivation of rights, privileges, and immunities secured to the Plaintiff by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988.

1

2. The fundamental premise of this action rests upon the recognition that Plaintiff's rights are endowed by his Creator, not granted by the State, and that the United States Constitution serves to recognize and protect these pre-existing, unalienable natural rights from governmental over-reach, arbitrary deprivation, and the tyrannical exercise of power by those entrusted with limited governmental authority.

3. This action arises from a pattern and practice of unconstitutional conduct by deputies of the Greene County Sheriff's Office, who, acting under color of state law, unlawfully seized Plaintiff's person, retaliated against Plaintiff for exercising his Creator-endowed First Amendment rights, utilized excessive and grossly disproportionate physical force to shatter Plaintiff's vehicle window and physically extract him for a mere alleged registration infraction, and subsequently seized constitutionally protected expressive materials—all in flagrant violation of clearly established constitutional law and the Sheriff's Office's own internal policies.

## II. JURISDICTION AND VENUE

4. This Court possesses original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983.

5. This Court further possesses jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and (4), as this action seeks to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution of the United States.

6. Venue is proper in the Western District of Missouri, Southern Division, pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), because all Defendants reside or operate within this District, and a substantial part of the events and omissions giving rise to these claims occurred within this District, specifically within Greene County, Missouri.

# III. PARTIES

7. Plaintiff KAYNE FOSTER is a free man, endowed by his Creator with certain unalienable rights as enumerated in this great nation's founding principles, and is a citizen of the United States and a resident of the State of Missouri.

8. Defendant GREENE COUNTY, MISSOURI (hereinafter "the County") is a municipal corporation and political subdivision duly organized and existing under the laws of the State of Missouri, and is responsible for the official policies, practices, customs, training, supervision, and discipline of the Greene County Sheriff's Office and all deputies employed therein.

9. Defendant DEPUTY LEASMAN, Badge #1907 (hereinafter "Defendant Leasman"), is a natural person and was at all times relevant to this Complaint a sworn law enforcement officer employed by the Greene County Sheriff's Office, acting under color of state law within the meaning of 42 U.S.C. § 1983.

10. Defendant DEPUTY COX, Badge #1810 (hereinafter "Defendant Cox"), is a natural person and was at all times relevant to this Complaint a sworn law enforcement officer employed by the Greene County Sheriff's Office, acting under color of state law within the meaning of 42 U.S.C. § 1983.

11. Defendant Deputy FROHNAPPLE badge #1595 (hereinafter "Defendant Frohnapple") is a natural person and was at all times relevant to this Complaint a sworn law enforcement officer employed by the Greene County Sheriff's Office, acting under color of state law within the meaning of 42 U.S.C. § 1983.

12. Defendants Leasman, Cox, and Frohnapple are sued in both their individual and official capacities.

# IV. STATEMENT OF FACTS

## A. The December 11, 2025 Precursor Incident

13. On December 11, 2025, Plaintiff was subjected to a traffic stop by law enforcement officers in Republic, Missouri.

14. During this December 11 encounter, Plaintiff lawfully asserted his Creator-endowed constitutional rights. This incident established a pattern of Plaintiff asserting his fundamental rights during encounters with law enforcement in the region.

15. Following this incident, Plaintiff filed a formal Notice of Liability with several counties and cities in the region, putting municipal entities on actual notice of his assertion of rights and the unconstitutional conduct of local law enforcement.

## B. The January 7, 2026 Encounter: The Initial Stop

16. On January 7, 2026, Plaintiff was lawfully traveling in his private automobile on a public roadway within Greene County, Missouri.

17. Defendant Leasman initiated a traffic stop of Plaintiff's vehicle, alleging that the vehicle lacked license plates.

18. Upon Defendant Leasman's approach, Plaintiff lawfully inquired: "What facts or information are you alleging gave you probable cause to stop and accost me?"

19. Defendant Leasman responded that Plaintiff had no plates on his vehicle, which Defendant Leasman claimed violated "The Missouri traffic laws."

20. Plaintiff explicitly stated to Defendant Leasman: "I'm gonna reserve all rights."

4

## C. Defendant Leasman's Citation of Non-relevent Law to Compel Identification

21. After retreating to his patrol vehicle, Defendant Leasman returned to Plaintiff's vehicle and demanded identification.

22. When demanding identification, Defendant Leasman falsely asserted: "RSMo 575.190 states that you have to identify yourself when asked on a traffic stop."

23. Mo. Rev. Stat. § 575.190 (Refusal to identify as a witness), explicitly applies only to a person who has "witnessed any portion of an offense, or of any other incident resulting in physical injury or substantial property damage," and expressly does not apply to a person who is the subject of a traffic stop for an infraction.

24. Defendant Leasman willfully or recklessly misrepresented Missouri Revised Statutes in an attempt to coerce Plaintiff into waiving his Fifth Amendment right against compelled self-incrimination and his Fourth Amendment right to be free from unreasonable searches and seizures.

## D. Plaintiff's Lawful Assertion of First Amendment Rights

25. Plaintiff lawfully asserted his rights, stating: "I'm not answering any questions, sir."

26. Plaintiff's refusal to answer questions and his verbal assertion of his constitutional rights constitute speech protected by the First Amendment to the United States Constitution. *City of Houston v. Hill*, 482 U.S. 451, 461 (1987).

## E. The Retaliatory and Pretextual Exit Order

27. Immediately following Plaintiff's assertion of his right to remain silent, Defendant Leasman ordered Plaintiff to step out of the vehicle.

5

28. When Plaintiff asked "What for?", Defendant Leasman explicitly stated his retaliatory motive: "Because you're refusing to identify yourself."

29. Defendant Leasman did not cite officer safety, suspicion of a weapon, or any other lawful justification under *Pennsylvania v. Mimms*, 434 U.S. 106 (1977), for the exit order. The order was explicitly and exclusively punitive, issued in direct retaliation for Plaintiff's exercise of his First and Fifth Amendment rights.

30. An exit order issued solely to punish a motorist for refusing to answer questions or provide identification during a traffic infraction stop violates the Fourth Amendment.

**F. The Arrival of Deputy Frohnapple and Escalation**

31. Defendant Frohnapple arrived on the scene. Rather than correcting Defendant Leasman's unconstitutional conduct, Defendant Frohnapple ratified and escalated it.

32. Defendant Frohnapple falsely asserted to Plaintiff: "If you choose not to provide any identification, we are allowed to order you out of said automobile vehicle with Pennsylvania VS [Mimms], you are required to either identify yourself or exit any vehicle on a lawful traffic stop."

33. This statement is a gross misrepresentation of clearly established constitutional law. *Pennsylvania v. Mimms* permits an exit order strictly as a precautionary measure for officer safety; it does not authorize an exit order as a penalty for refusing to provide identification.

34. Plaintiff repeatedly and explicitly informed the Defendants: "I wish not to waive any of my rights, sir," and "No law is valid if it requires me in any way to waive any fundamentally protected right in order to exercise another right or turn that into a crime."

6

## G. Excessive Force and Unlawful Arrest

35. Despite Plaintiff's clear articulation of his rights and his completely passive, non-threatening demeanor, Defendant Frohnapple threatened: "If you do not [step out], I will break this window and you will be removed from the vehicle."

36. Plaintiff explicitly stated: "I'm not gonna be violent."

37. Defendant Scharpf then declared: "You're under arrest. Get out of the car if you don't, we're breaking the window. This is your last chance. Okay. Break it."

38. Defendants then violently shattered Plaintiff's vehicle window, showering Plaintiff with glass.

39. Defendants forcibly grabbed Plaintiff and physically extracted him from the vehicle, despite Plaintiff stating: "I, dude, you don't have to grab me all up. I'm not going nowhere."

40. The use of violent physical force—shattering a window and physically dragging a compliant, non-violent citizen from a vehicle—for a mere alleged registration infraction and passive assertion of constitutional rights constitutes excessive force in violation of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386 (1989).

## H. Unlawful Seizure of Expressive Materials

41. Following the unlawful extraction, Defendants unlawfully searched Plaintiff's vehicle.

42. During this search, Defendants discovered and seized a written document belonging to Plaintiff.

43. The transcript reveals the Defendants mocking Plaintiff's First Amendment-protected materials. An unidentified officer stated: "It's a script... It's a legitimate script."

7

44. Defendant Leasman confirmed the seizure of this expressive material, stating: "He was, it's literally in that book... it says, officer says, and then his response to that."

45. The seizure of Plaintiff's written legal script—a document explicitly created to assist Plaintiff in asserting his constitutional rights—violates the First and Fourth Amendments.

## I. Violation of Greene County Sheriff's Office Policies

46. The Defendants' conduct flagrantly violated multiple Greene County Sheriff's Office internal policies.

47. Defendants violated Policy 300 (Subject Resistance and Control) by utilizing physical force (breaking the window and physical extraction) against a subject exhibiting only passive resistance to an unlawful order, without attempting mandatory de-escalation techniques.

48. Defendants violated Policy 500 (Traffic Function and Responsibility) by escalating an alleged minor traffic infraction into a violent custodial arrest.

49. Defendants violated Policy 311 (Search and Seizure) by conducting a vehicle search incident to an unlawful arrest, in direct contravention of *Arizona v. Gant*, 556 U.S. 332 (2009).

## J. Spoliation and Withholding of Evidence

50. On January 28, 2026, Plaintiff submitted a formal Preservation Notice and Public Records Demand to the Greene County Sheriff's Office, specifically demanding the preservation and production of all body-worn camera and dash camera footage of the incident.

51. The Greene County Sheriff's Office acknowledged receipt of this demand on January 28, 2026.

52. On February 3, 2026, Plaintiff paid $17.68 for the requested records.

8

53. Despite payment and formal demand, the Greene County Sheriff's Office has unlawfully withheld the body camera and dash camera footage, falsely citing an "ongoing investigation" exemption under the Missouri Sunshine Law.

54. As established in *The Oliver Firm, LC v. Hefner* (Mo. App. S.D. 2026), the misuse of the "active investigation" exception to hide disturbing actions of deputies and avoid public outcry is a violation of the Missouri Sunshine Law subject to penalties.

55. No charges have been filed against Plaintiff as of the date of this Complaint, demonstrating that the "ongoing investigation" claim is a mere pretext to withhold exculpatory evidence of the Defendants' constitutional violations.

## V. CAUSES OF ACTION

**COUNT I: 42 U.S.C. § 1983 — Unlawful Seizure and False Arrest in Violation of the Fourth Amendment (Against Defendants Leasman, Cox, and Frohnapple)**

56. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

57. The Fourth Amendment to the United States Constitution protects citizens from unreasonable searches and seizures.

58. Defendants Leasman, Cox, and Frohnapple, acting under color of state law, unlawfully prolonged the traffic stop and subjected Plaintiff to a custodial arrest without probable cause that Plaintiff had committed any arrestable offense.

59. The refusal to provide identification or answer questions during a traffic stop for a registration infraction does not constitute a crime under Missouri Revised Statutes and cannot furnish probable

9

cause for arrest.

60. As a direct and proximate result of this unlawful seizure and false arrest, Plaintiff suffered the loss of his liberty, physical pain, emotional distress, and the deprivation of his Creator-endowed constitutional rights.

**COUNT II: 42 U.S.C. § 1983 — Excessive Force in Violation of the Fourth Amendment (Against Defendants Leasman, Cox, and Frohnapple)**

61. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 61 as if fully set forth herein.

62. The Fourth Amendment protects citizens from the use of excessive and unreasonable force by law enforcement officers. *Graham v. Connor*, 490 U.S. 386 (1989).

63. Defendants' use of force—shattering Plaintiff's vehicle window and physically dragging him from the vehicle—was objectively unreasonable given that the underlying alleged offense was a minor registration infraction, Plaintiff posed no immediate threat to the safety of the officers or others, and Plaintiff was not actively resisting or attempting to evade arrest by flight.

64. Plaintiff explicitly stated he was non-violent and was merely passively declining to waive his constitutional rights.

65. As a direct and proximate result of Defendants' excessive force, Plaintiff suffered physical assault, emotional trauma, property damage, and the deprivation of his constitutional rights.

10

**COUNT III: 42 U.S.C. § 1983 — First Amendment Retaliation (Against Defendants Leasman, Cox, and Frohnapple)**

66. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 66 as if fully set forth herein.

67. Plaintiff engaged in speech and conduct protected by the First Amendment when he verbally asserted his constitutional rights, refused to answer questions, and referenced his legal script. *Garcia v. City of New Hope*, 984 F.3d 658 (8th Cir. 2021).

68. Defendants took adverse actions against Plaintiff—including issuing an unlawful exit order, shattering his window, physically extracting him, arresting him, and seizing his expressive materials—that would chill a person of ordinary firmness from continuing to engage in that protected activity.

69. Defendant Leasman explicitly admitted that the adverse action (the exit order) was motivated by Plaintiff's protected activity, stating it was "[b]ecause you're refusing to identify yourself."

70. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered the deprivation of his First Amendment rights, loss of liberty, and emotional distress.

**COUNT IV: 42 U.S.C. § 1983 — Unlawful Search and Seizure of Property in Violation of the Fourth Amendment (Against Defendants Leasman, Cox, and Frohnapple)**

71. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 71 as if fully set forth herein.

72. Following the unlawful arrest, Defendants conducted a warrantless search of Plaintiff's vehicle and seized Plaintiff's personal property, including a written legal script.

11

73. This search was not a valid search incident to arrest under *Arizona v. Gant*, 556 U.S. 332 (2009), as Plaintiff was already secured outside the vehicle, and it was unreasonable to believe evidence relevant to the crime of arrest (a missing license plate) might be found in the vehicle.

74. The seizure of the legal script was further unreasonable as it constituted protected expressive material under the First Amendment and was not contraband or evidence of a crime.

75. As a direct and proximate result of this unlawful search and seizure, Plaintiff suffered the deprivation of his property and his constitutional rights.

**COUNT V: 42 U.S.C. § 1983 — Conspiracy to Deprive Constitutional Rights (Against Defendants Leasman, Cox, and Frohnapple)**

76. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 76 as if fully set forth herein.

77. Defendants Leasman, Cox, and Fronapple, acting in concert and under color of state law, reached a mutual understanding and agreement to deprive Plaintiff of his Creator-endowed rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).

78. In furtherance of this conspiracy, Defendants committed multiple overt acts, including conferring at the scene, simultaneously approaching Plaintiff's vehicle, coordinating the shattering of the window, and jointly effectuating the unlawful physical extraction and arrest based on a fabricated statutory violation.

79. The Eighth Circuit has expressly declined to extend the intracorporate conspiracy doctrine to § 1983 claims, thereby establishing that officers within the same department are legally capable of conspiring to violate civil rights. *Larson v. Miller*, 76 F.3d 1446, 1456 (8th Cir. 1996).

12

80. As a direct and proximate result of this conspiracy, Plaintiff suffered the deprivation of his constitutional rights, physical assault, and emotional distress.

**COUNT VI: 42 U.S.C. § 1983 — Failure to Intervene / Bystander Liability (Against Defendants Cox and Frohnapple)**

81. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

82. It is clearly established law in the Eighth Circuit that a law enforcement officer who fails to intervene to prevent the unconstitutional use of excessive force or an unlawful arrest by another officer may be held liable under § 1983. *Nance v. Sammis*, 586 F.3d 1066, 1072 (8th Cir. 2009); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981).

83. Defendants Cox and Frohnapple were present at the scene, observed Defendant Leasman escalating a minor registration infraction into a violent and unconstitutional extraction, and recognized that Plaintiff posed no threat and was not actively resisting.

84. Defendants Cox and Frohnapple had both the time and the opportunity to intervene and prevent the constitutional violations, yet they deliberately chose to stand by and, indeed, actively assisted in the unlawful conduct.

85. As a direct and proximate result of Defendants Cox and Frohnapple's failure to intervene, Plaintiff suffered physical assault, false arrest, and the deprivation of his constitutional rights.

13

**COUNT VII: 18 U.S.C. § 2724 — Violation of the Driver's Privacy Protection Act (Against Defendants Leasman, Cox, and Frohnapple)**

86. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 86 as if fully set forth herein.

87. The Driver's Privacy Protection Act (DPPA) creates a private civil cause of action against any person who "knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter." 18 U.S.C. § 2724(a).

88. Upon information and belief, Defendants queried Plaintiff's license plate and accessed his motor vehicle records via the NCIC/MULES databases.

89. Defendants utilized this personal information not for a legitimate law enforcement function, but for the unlawful, retaliatory, and pretextual purpose of effectuating a false arrest based on the fabricated "RSMo 575.0.190," thereby vitiating any permitted use exception under 18 U.S.C. § 2721(b)(1).

90. As a direct and proximate result of this violation, Plaintiff is entitled to actual damages, or liquidated damages in the amount of $2,500.00 per violation, whichever is greater, plus punitive damages and attorney's fees, pursuant to 18 U.S.C. § 2724(b).

**COUNT VIII: Missouri Common Law — Assault and Battery (Against Defendants Leasman, Cox, and Frohnapple)**

91. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 91 as if fully set forth herein.

92. Pursuant to 28 U.S.C. § 1367, this Court possesses supplemental jurisdiction over Plaintiff's state law claims, as they form part of the same case or controversy as the federal claims.

14

93. Defendants intentionally, unlawfully, and without legal justification applied physical force to Plaintiff's person and property by shattering his vehicle window and violently dragging him from the vehicle. *Neal v. Helbling*, 726 S.W.2d 483, 487 (Mo. App. 1987).

94. This use of force was objectively unreasonable and excessive, constituting actionable assault and battery under Missouri common law.

95. As a direct and proximate result of Defendants' assault and battery, Plaintiff suffered physical pain, emotional distress, and property damage.

**COUNT IX: Missouri Common Law — False Imprisonment and False Arrest (Against Defendants Leasman, Cox, and Frohnapple)**

96. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 96 as if fully set forth herein.

97. Under Missouri law, false imprisonment occurs when a plaintiff is confined without legal justification. *Highfill v. Hale*, 186 S.W.3d 277, 280 (Mo. 2006).

98. Defendants intentionally confined Plaintiff by placing him in handcuffs and transporting him to the Greene County Jail without a warrant and without probable cause that he had committed any crime.

99. Defendant Leasman's reliance on a non-relevent statute ("RSMo 575.190") conclusively establishes the complete absence of legal justification for the arrest.

100. As a direct and proximate result of this false imprisonment, Plaintiff suffered the loss of his liberty and emotional distress.

15

**COUNT X: Missouri Common Law — Conversion and Trespass to Chattels (Against Defendants Leasman, Cox, and Frohnapple)**

101. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 101 as if fully set forth herein.

102. Under Missouri law, conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights. *Emerick v. Mut. Ben. Life Ins. Co.*, 756 S.W.2d 513, 523 (Mo. 1988).

103. Defendants unlawfully seized and retained Plaintiff's vehicle (via an unauthorized tow) and his personal property, specifically his written legal script, without legal justification or a valid warrant.

104. As a direct and proximate result of this conversion, Plaintiff was deprived of the use and enjoyment of his property and incurred financial damages.

**COUNT XI: Mo. Rev. Stat. § 610.027 — Violation of the Missouri Sunshine Law (Against Defendant Greene County)**

105. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 105 as if fully set forth herein.

106. Defendant Greene County, through its Sheriff's Office Records Division, purposefully and knowingly violated the Missouri Sunshine Law by refusing to produce the body-worn camera and dash camera footage of the incident upon Plaintiff's formal demand.

107. The County's invocation of the "ongoing investigation" exemption was a pretextual subterfuge designed to shield unconstitutional misconduct from public scrutiny, a practice explicitly condemned by Missouri courts. *See The Oliver Firm, LC v. Hefner* (Mo. App. 2026).

16

108. As a direct and proximate result of this purposeful violation, Plaintiff is entitled to civil penalties of up to $5,000.00, plus attorney's fees and costs, pursuant to Mo. Rev. Stat. § 610.027.

**COUNT XII: 42 U.S.C. § 1983 — *Monell* Municipal Liability for Failure to Train, Supervise, and Discipline (Against Defendant Greene County)**

109. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 109 as if fully set forth herein.

110. Defendant Greene County, through its Sheriff's Office, developed and maintained policies, practices, and customs exhibiting deliberate indifference to the constitutional rights of citizens. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

111. The County failed to adequately train and supervise its deputies regarding the constitutional limitations on traffic stops, the strict limitations of *Pennsylvania v. Mimms*, the non-existence of a "stop and identify" statute for traffic infractions in Missouri, and the prohibition against retaliating against citizens for exercising First Amendment rights.

112. This failure to train is evidenced by the fact that Deputy Frohnapple and Deputy Cox arrived on the scene and explicitly ratified and participated in the unconstitutional conduct, demonstrating that the unconstitutional practices are deeply ingrained in the department's culture.

113. Furthermore, the County's ongoing refusal to release the body camera footage under the pretext of an "ongoing investigation" demonstrates a municipal custom of covering up constitutional violations and failing to discipline offending officers.

114. As a direct and proximate result of the County's deliberate indifference, Plaintiff suffered the constitutional injuries described herein.

17

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff KAYNE FOSTER, a sovereign, free man endowed by his Creator with certain unalienable rights, respectfully prays that this Honorable Court enter judgment in his favor and against the Defendants, jointly and severally, as follows:

1. For compensatory damages against Defendants Leasman, Cox, and Frohnapple, in their individual capacities, in an amount to be determined by a jury at trial, but not less than $500,000.00, to compensate Plaintiff for his loss of liberty, physical assault, property damage, emotional distress, humiliation, and pain and suffering arising from their unconstitutional conduct, false arrest, excessive force, and conspiracy;

2. For compensatory damages against Defendant Greene County in an amount to be determined by a jury at trial, but not less than $1,000,000.00, for its deliberate indifference, failure to train, failure to supervise, failure to discipline, and ratification of the unconstitutional conduct of its deputies;

3. For punitive damages against Defendant Leasman in his individual capacity in an amount to be determined by a jury at trial, but not less than $250,000.00, for his malicious, willful, and wanton disregard for Plaintiff's constitutional rights, specifically his fabrication and citation of a non-existent law to coerce the waiver of Creator-endowed rights. *Smith v. Wade*, 461 U.S. 30 (1983);

4. For punitive damages against Defendant Frohnapple in his individual capacity in an amount to be determined by a jury at trial, but not less than $250,000.00, for his reckless and callous disregard for Plaintiff's constitutional rights as a supervisor, his explicit threats, his authorization of excessive force, and his failure to intervene. *Smith v. Wade*, 461 U.S. 30 (1983);

5. For punitive damages against Defendant Cox in his individual capacity in an amount to be determined by a jury at trial, but not less than $150,000.00, for his active participation in

18

the conspiracy and his deliberate failure to intervene to prevent the constitutional violations. *Smith v. Wade*, 461 U.S. 30 (1983);

6. For liquidated damages pursuant to the Driver's Privacy Protection Act, 18 U.S.C. § 2724(b)(1), against Defendants Leasman, Cox, and Fronapple in the amount of $2,500.00 per violation, for their unlawful and retaliatory access and use of Plaintiff's motor vehicle records;

7. For civil penalties pursuant to the Missouri Sunshine Law, Mo. Rev. Stat. § 610.027, against Defendant Greene County in the maximum allowable amount of $5,000.00 per purposeful violation, for its unlawful withholding of body-worn and dash camera footage;

8. For a declaratory judgment, pursuant to 28 U.S.C. §§ 2201–2202, that the acts, policies, practices, and customs of the Defendants violated Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as Missouri state law;

9. For a preliminary and permanent injunction compelling Defendant Greene County to immediately produce all body-worn camera and dash camera footage, CAD/AVL data, and all other records previously demanded and unlawfully withheld under the pretext of an "ongoing investigation";

10. For injunctive relief compelling Defendant Greene County to implement comprehensive constitutional training protocols regarding traffic stops, the strict limitations of *Pennsylvania v. Mimms*, the absence of a "stop and identify" statute in Missouri, and the prohibition against retaliating against citizens for exercising First Amendment rights;

11. For Plaintiff's reasonable litigation fees and costs pursuant to 42 U.S.C. § 1988, 18 U.S.C. § 2724(b)(3), and Mo. Rev. Stat. § 610.027, as well as all allowable costs and expenses incurred in the prosecution of this action;

12. For pre-judgment and post-judgment interest at the maximum rate allowed by law; and

19

13. For such other and further relief as this Honorable Court deems just, proper, and equitable in the protection of Plaintiff's Creator-endowed rights.

## VII. JURY DEMAND

Pursuant to the Seventh Amendment to the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff KAYNE FOSTER hereby demands a trial by jury on all claims and issues so triable in this action.

## VIII. VERIFICATION

I, Kayne Foster, the undersigned Plaintiff, do hereby declare and affirm under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the Plaintiff in the above-styled action, that I have read the foregoing Complaint and know the contents thereof, and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this __13__ day of __May__, 2026.

KAYNE FOSTER

Plaintiff, Pro Se

20

Respectfully submitted,

KAYNE FOSTER

Plaintiff, *In Propria Persona*

As a free man, endowed by my Creator

with certain unalienable rights.

Case 6:26-cv-03280-BP    Document 1    Filed 05/13/26    Page 21 of 21